UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Holper, | Case No. 20-CV-1096 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Kallis, Warden, | |
| Respondent. | |

This matter is before the Court on a petition for a writ of habeas corpus filed by federal prisoner Greg Scher on behalf of petitioner (and fellow prisoner) Steven Holper. The petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of the petition without prejudice for two reasons.

First, the claims raised in the habeas corpus petition are not habeas corpus claims, and the relief sought in the habeas corpus petition is not habeas corpus relief. "'If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.'" *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (quoting *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). The petition filed on behalf of Holper challenges the adequacy of the law library at the Federal Medical Center in Rochester,

---

[1] Although the petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

1

Minnesota, contending that the lack of materials in that library amounts to a denial of access to the courts in violation of prisoners' First Amendment rights. Whatever the merits of that claim, it is not a claim related to the legality of Holper's confinement itself, but rather to the legality of the conditions of Holper's confinement. Such a claim must be brought in a traditional civil action (such as one raising claims pursuant to *Bivens*[2]), not a habeas corpus petition. *Id*. at 469-70.

Ordinarily, where a pro se litigant has miscategorized a pleading as a habeas petition, the Court will recharacterize the pleading as necessary for the case to go forward, assuming that the litigant agrees to the recharacterization. *Id*. at 471. But this leads to the second problem with Holper's habeas petition: Holper did not file it. Instead, the petition was expressly submitted by Scher, another prisoner, as "best friend" of Holper. There is no evidence that Holper had any involvement in preparing the petition, and he did not sign the petition or any of the other documents submitted to the Court in this matter. *See* Fed. R. Civ. P. 11(a). Indeed, this Court has no reason to believe that Holper is even aware that this litigation is being prosecuted on his behalf. Scher is not registered to practice law in the District of Minnesota (or anywhere else, so far as this Court is aware). He may not act as an attorney for other parties in federal court. *See, e.g.*, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts,

---

[2] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

respectively, are permitted to manage and conduct causes therein."); *Yoder v. District Attorney Montgomery County*, 790 Fed. App'x 478, 481 (3d Cir. 2019) (per curiam).

Holper's lack of involvement in these proceedings complicate any attempt to reinterpret what is nominally his pleading. If the petition were reinterpreted as a civil complaint bringing claims under *Bivens*, Holper would become responsible for the $350.00 statutory filing fee owed in this matter. *See* 28 U.S.C. § 1915(b). If this action were then dismissed for failure to state a claim on which relief may be granted, Holper would incur a "strike" pursuant to 28 U.S.C. § 1915(g), potentially imperiling his ability to later pursue relief as an *in forma pauperis* litigant. Meanwhile, an amended complaint would almost certainly be necessary for this matter to survive review under 28 U.S.C. § 1915A; the pleading does not include any allegations specific to Holper (the lone petitioner-turned-plaintiff) or Kallis (the lone respondent-turned-defendant) and does not establish — even if the factual allegations in the petition are accepted as true — any actual injury resulting from the deficient law library. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996).

Nothing is gained to any party or the Court in keeping this specific litigation afloat. If Holper intends to prosecute an access-to-the-courts claim, he may raise such a claim on his own behalf in an appropriate pleading, armed with the knowledge that he will incur the $350.00 filing fee for the action and that all other aspects of the Prison Litigation Reform Act will apply to the litigation. In the meantime, this matter should be dismissed without prejudice.

Finally, a warning to Scher: The term "jailhouse lawyer" is used from time to time, and untutored legal helpers of fellow prisoners can sometimes serve appropriate and even necessary functions within the judicial ecosystem. *See Johnson v. Avery*, 393 U.S. 483, 486-90 (1969); Shon Hopwood & Dennis Burke, *Law Man: My Story of Robbing Banks, Winning Supreme Court Cases, and Finding Redemption* (Crown Books 2012). Whatever that term may mean, it does not confer a right to file actions on behalf of other litigants. Still less does the term properly justify the use of other prisoners as mere nominal litigants in the service of litigation motivated by the so-called jailhouse lawyer's own interests. The dangers of allowing otherwise are typified by this action. Scher has requested the wrong form of relief in the wrong kind of pleading; he has failed to plead an actionable *Bivens* claim; in so doing, he potentially risked $350.00 of someone else's money and endangered the ability of that other prisoner to litigate claims in the future. *See* 28 U.S.C. § 1915(g). Whatever assistance Scher may provide to other prisoners in the background, he will not be permitted to represent the interests of anyone other than himself in federal court.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the petition for a writ of habeas corpus of petitioner Steven Holper [ECF No. 1] be **DENIED WITHOUT PREJUDICE**.

Date: May26, 2020*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Holper v. Kallis*
Case No. 20-CV-1096 (JRT/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).