UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN HOLPER,<br><br>Petitioner,<br><br>v.<br><br>STEVE KALLIS,<br><br>Respondent. | Civil No. 20-1096 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, AND DISMISSING THE PETITION** |

Greg Scher, FMC Rochester, P.O. Box 4000, Rochester, Minnesota, 55903, on behalf of Petitioner Steven Holper, FMC Rochester, P.O. Box 4000, Rochester, Minnesota, 55903.

Ana H. Voss, Andrew Tweeten, and Ann M. Bildtsen, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for respondent.

Greg Scher, on behalf of Petitioner Steven Holper, an inmate at Rochester Federal Medical Center ("RFMC"), filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Magistrate Judge filed a Report and Recommendation ("R&R") that denied Holper's Petition on the basis that Scher failed to show he could represent Holper and that the a writ of habeas corpus was the improper remedy. After a de novo review of the record, the Court will overrule Petitioner's objections, adopt the R&R, and dismiss without prejudice the Petition for a Writ of Habeas Corpus.

1

## BACKGROUND

On May 6, 2020, Greg Scher filed a Petition for a Writ of Habeas Corpus ("Petition") on behalf of Petitioner, Steven Holper, M.D. (Pet. at 1, May 6, 2020, Docket No. 1.) Scher explained that he filed the Petition as a next friend; both he and Petitioner "are confined within the Rochester Federal Medical Center ("RFMC")[.]" (*Id*.) Because of COVID-19 pandemic precautions, "all inmates within the RFMC have been segregated by housing units and floors." (*Id*. at 2.) These restrictions have limited opportunities for exercise, recreation, and access to the prison "law library," where prisoners customarily file pleadings. (Pet. at 2.)

Scher claims that "no inmate has been allowed time in the law library since the institutional 'lockdown' began some 6 weeks ago." (*Id.* at 3.) He alleges, among other grievances, that the law library is outdated and lacks reporter volumes, the computers allegedly cannot be used as word processors, and the same computers cannot directly connect to the internet. (*Id.*) The Petition maintains that Kevin Lash, the law library supervisor, has deliberately limited access to Microsoft Word in the law library, despite alleged inconsistencies elsewhere in the prison. (*Id.* at 4.)

Scher alleges that denial of access to the law library, requiring inmates to show need to use the facility, the lack of proper resources, and the failure to provide reasonably functioning computers constitute a "Constitutional claim for denial of Due Process by denial of meaningfull [*sic*] access to the courts[.]" (*Id.* at 5; *see id.* at 6–7.) In the prayer for relief, Scher asks the Court to "issue a writ of habeas corpus directed to Warden Steve

Kallis of FMC Rochester," directing him to ameliorate the current conditions and policies. (*Id.* at 7-9.)

On May 27, 2020, Magistrate Judge Tony N. Leung filed his Report and Recommendation ("R&R"). (R&R, May 27, 2020, Docket No. 5.) The Magistrate Judge recommended that the Court dismiss the Petition without prejudice for two principal reasons. First, "the claims raised in the habeas corpus petition are not habeas corpus claims, and the relief sought in the habeas corpus petition is not habeas corpus relief." (R&R at 1.) Rather, such claims alleging law library inadequacy amounting to denial of access to the courts in violation of prisoners' First Amendment rights "must be brought in a traditional civil action" such as a *Bivens* claim. (*Id.* at 2.) Secondly, there is the problem that Petitioner, a pro se litigant, did not file the pleading himself, but rather Scher submitted the petition on Petitioner's behalf. (*Id.*) Scher is not licensed to practice law in the District of Minnesota and may not act as an attorney. (*Id.*) The fact that Scher filed the Petition on Petitioner's behalf complicates the usual process of reinterpreting what Petitioner would have intended as a pro se litigant. (*Id.* at 3.) The Magistrate Judge thus recommended that the Petition denied without prejudice to give Holper the opportunity, if he so chooses, to raise the proper legal claim. (*Id.* at 3, 5.)

Subsequently, Scher filed an Objection to the R&R on behalf of Holper. (Obj. to R&R, June 3, 2020, Docket No. 8.) He also filed a Declaration from Holper, in which Holper stated that he "give[s] Greg Scher full control of the direct of this Petition" because "Sher

3

is the ONLY prison paralegal" at FMC Rochester.  (Decl. of Steven Holper, M.D., June 3, 2020, Docket No. 9.)  Scher also filed a Motion for a Preliminary Injunction.  (Mot., May 29, 2020, Docket No. 6.)  Respondent submitted a response asking the Court to dismiss the Petition and the injunction Motion.  (Resp. to Obj. to R&R, June 10, 2020, Docket No. 10; Resp. to Mot., June 10, 2020, Docket No. 11.)

## DISCUSSION

### I.     STANDARD OF REVIEW

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. Local R. 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. Local R. 72.2(b)(3).

### II.    PETIONER'S OBJECTIONS

Scher objects to the Magistrate Judge recommending dismissal of the Petition as not constituting a proper habeas corpus proceeding and because Scher is improperly representing the Petitioner.  Scher disagrees with characterization of the Petition as a civil action because he believes RFMC's COVID-19 response impermissibly extends Hopler's sentence.  Scher also maintains that he is a "next friend," and therefore allowed to represent Holper.  Fed. R. Civ. P. 17(c)(2).

A. Rule 17

Federal Rule of Civil Procedure 17 allows a minor or incompetent person, without a duly-appointed representative, to sue by a next friend or by guardian ad litem. Fed. R. Civ. P. 17(c)(2). There is nothing in the record that shows Holper is either a minor or an incompetent person. Therefore, if Holper wishes to seek redress from the Court, he must either find legal representation or file a civil action pro se. *See* 28 U.S.C. §1654 (requiring parties to "conduct their own cases personally or by counsel"). Papers filed with the Court must be signed either "by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The Court "must strike" a paper not signed by either an attorney of record or the party pro se. Holper's Declaration does not overcome this hurdle; even if Scher is viewed by his fellow inmates as a "prison paralegal," he is not admitted to practice law and cannot serve as counsel.[1] In the absence of evidence that Holper is an "incompetent person" as understood by Rule 17(c), he cannot be represented by a next friend. If he cannot find counsel, he must represent himself and

---

[1] The Court echoes the admonishment offered Scher by the Magistrate Judge. Unless he is a member of the bar of the State of Minnesota, Scher cannot represent others in court. The unauthorized practice of law is not only a crime, see Minn. Stat. § 481.02, subd. 1, but it also leads to unnecessary vexation of the parties and the Court alike. Whatever aid Scher may be attempting to provide his fellow prisoners may in fact stand in the way of addressing their concerns.

the Court will apply its common practice to construe his filings broadly. The Court will dismiss the Petition without prejudice.[2]

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation [Docket No. 8] are **OVERRULED**;

2. The Report and Recommendation [Docket. No. 5] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DISMISSED** without prejudice.

4. Petitioner's Motion for a Preliminary Injunction [Docket No. 6] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 22, 2020  
at Minneapolis, Minnesota.   _____  
　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　Chief Judge  
　　　　　　　　　　　　　　　　　　United States District Court

---

[2] Because the Court concludes that the Petition is not properly before it, it is unnecessary to reach the question of whether a writ of habeas corpus is the proper remedy. Additionally, the Motion for a Preliminary Injunction is still incorrectly filed by Scher under Holper's name and will be denied as moot after dismissal of the Petition.